**Franklin GRULLON, Petitioner–Appellee–Cross–Appellant,**

*v.*

**James W. ZIGLAR, Commissioner, Ins; John Ashcroft, Attorney General of the United States; Doris Meinssner, Commissioner of Immigration & Naturalization Service; Edward J. McEl-**

---

1. For that reason, the government's motion to dismiss the appeal on the grounds of the appeals waiver is DENIED.

roy, Ins District Director; Davis Christine, Louisiana Ins District Director; Immigration and Naturalization Service, Respondents–Appellants–Cross–Appellees.

Nos. 03–2163 (L), 03–2146(XAP).

United States Court of Appeals, Second Circuit.

Dec. 17, 2004.

Varuni Nelson, Steven Kim, Assistant United States Attorneys (Roslynn R. Mauskopf, United States Attorney, Dione M. Enea, Special Assistant United States Attorney, on the brief), Brooklyn, NY., for Respondents–Appellants–Cross Appellees.

Anjan Sahni, Wilmer Cutler Pickering Hale and Dorr LLP (Paul A. Engelmayer, on the brief), New York, NY., for Petitioner–Appellee–Cross–Appellant.

PRESENT: CALABRESI, SOTOMAYOR, Circuit Judges, and HALL, District Court Judge.*

*SUMMARY ORDER*

Respondents John Ashcroft, James W. Ziglar, Edward J. McElroy, Christine Davis, the Immigration and Naturalization Service and the United States Department of Justice (collectively, "respondents") appeal from an order of the United States District Court of the Eastern District of New York (Trager, J.) dated December 19, 2002, vacating a removal order issued on April 19, 2002 against Petitioner Franklin Grullon ("Petitioner"). Petitioner cross-appeals the district court's refusal to dismiss the removal proceedings with prejudice. We assume familiarity with the case and its procedural history.

Grullon filed his first habeas petition in the Eastern District of New York on March 27, 2001, challenging an Immigration Judge's determination that he was ineligible for relief from deportation under § 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1995) (repealed 1996). The government consented to the petition and requested a remand to the INS. In doing so, the government implicitly waived any objections based on venue or personal jurisdiction. On September 14, 2001, the District Court vacated the removal order and "remanded in so far as petitioner is found to be eligible to apply for relief from deportation pursuant" to § 212(c). *See Grullon v. Ashcroft,* No. 01–cv–1973 (E.D.N.Y. Sept. 14, 2001).

On November 15, 2001, petitioner filed a second habeas petition, which he subsequently amended after the Immigration Judge again denied him § 212(c) relief. In addition to opposing this petition on the merits, respondents argued that venue was improper in the Eastern District of New York. Judge Trager granted Grullon's petition in part on December 19, 2002, without discussing respondents' venue objection. *See Grullon v. Ashcroft,* Nos. 01–cv–1973; 01–cv–7716 (E.D.N.Y. Dec. 19, 2002).

On appeal, respondents argue, *inter alia,* that venue was improper in the Eastern District of New York because (1) none of the material events took place there; (2) the petitioner is not detained there; and (3) none of the witnesses or pertinent records were found there. *See Henderson v.*

---

* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

*INS,* 157 F.3d 106, 128 n. 25 (2d Cir.1998). While there is certainly some merit to respondents' arguments, we need not definitively resolve the issue because, for reasons discussed below, we dismiss the appeal as moot.

Upon issuing the December 19, 2002 order, the district court entered it as an order not only in case No. 01–cv–7716, which refers to petitioner's second habeas petition, but also as an order in case No. 01–cv–1973, which refers to petitioner's first habeas petition (initially granted in September 2001). Respondents did not contest the district court's decision to issue the December 19, 2002 order as an order in both cases. More importantly, the Notice of Appeal reveals that respondents only appealed from the December 19, 2002 order *to the extent that it rendered judgment in case No. 01–cv–7716.* Case No. 01–cv–1973 is therefore not before this Court.[1] Because the underlying substantive relief at issue has already been granted to petitioner pursuant to case No. 01–cv–1973, which respondents have not appealed, any ruling we issue in respondents' appeal of case No. 01–cv–7716 will have no effect on the parties. This renders respondents' appeal moot.

We have considered the arguments raised in petitioner's cross appeal. Assuming, *arguendo,* that venue is proper, we reject the petitioner's claims as meritless. Petitioner has also moved before this Court, as well as before the district court, for release on bond pending the final outcome of his § 212(c) application. As petitioner's case is no longer before us, this Court is not the proper forum for consideration of that motion, and we deny it.

1. As noted, the government waived any objection to venue in case No. 01–cv–1973. Thus, had respondents appealed Judge Trager's order of December 19, 2002 as it pertained to case No. 01–cv–1973, we would have been obliged to address the merits of petitioner's claim that he remained eligible for § 212(c)

The judgment of the district court is AFFIRMED.

relief. We decline to speculate as to whether respondents' failure to appeal No. 01–cv–1973 after the December 19 order was a strategic attempt to prevent review of the § 212(c) claim on its merits or simply a clerical oversight. In either case, case No. 01–cv–1973 is not before us.